**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | 3:94-CR-00044-ECR-RAM |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | **Order** |
| ) | | |
| ROBERT JACKSON ) | | |
| Defendant. ) | | |

### I. Background

In 1996, Defendant was convicted of Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and Distribution of a Cocaine Base, in violation of 21 U.S.C. § 841(a). This Court sentenced Defendant to 360 months for conspiracy and 120 months for distribution, to run concurrently. The Ninth Circuit Court of Appeals affirmed Defendant's sentence and conviction in United States v. Jackson, et al., 141 F.3d 1181 (9th Cir. 1998).

On February 22, 2001, Defendant filed his first petition under 28 U.S.C. § 2255. After Plaintiff filed its opposition, this Court denied Defendant's petition on June 6, 2001.

On February 3, 2011, Defendant filed a Petition to Reopen his Writ of Habeas Corpus (#1294) under 28 U.S.C. § 2255.

On February 22, 2011, Plaintiff filed the Government's Response to Defendants' Second or Successive Petition Pursuant to Title 28, U.S.C. § 2255 (#1296).

On March 11, 2011, Defendant filed a reply (#1297) to the Government's response.

On March 17, 2011, this Court issued a minute order (#1298) denying Defendant's Petition to Reopen his Writ of Habeas Corpus (#1294) on the grounds that the Government's argument that Defendant did not obtain a Certificate of Appeal to file his Petition (#1294) was well taken.

On April 5, 2011 Defendant filed a motion (#1302) for reconsideration, contending that his Petition to Reopen (#1294) should not be considered a second or successive petition pursuant to 28 U.S.C. § 2255 because his claim under the Fair Sentencing Act of 2010 was not ripe at the time of his first § 2255 petition.

## II. Discussion

28 U.S.C. § 2255(h) provides that a second or successive motion under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain either (i) newly discovered evidence; or (ii) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Here, Defendant has not received a Certificate of Appeal from the Ninth Circuit Court of Appeals with respect to his second motion under 28 U.S.C. § 2255.  Defendant's motion (#1302) for reconsideration fails to recognize that it is not this Court that will determine whether his Petition to Reopen (#1294) shows that his

claim relies on a new rule of constitutional law pursuant to 28 U.S.C. § 2255(h), but the Ninth Circuit Court of Appeals that will do so in granting or denying Defendant a Certificate of Appeal.

Because Defendant has not received a Certificate of Appeal with respect to his Petition to Reopen (#1294), this Court may not properly consider Defendant's Petition.

Finally, we note that case law indicates that the changes to the sentencing guidelines rendered by the Fair Sentencing Act do not have retroactive effect. United States v. Hall, 2010 WL 4561363 at *3 (9th Cir., Nov. 10, 2010); United States v. Williams, 2010 WL 5297179 at *6 (1st Cir., Dec. 28, 2010).  As such, even if Defendant obtained a Certificate of Appeal from the Ninth Circuit Court of Appeals, it appears that the Fair Sentencing Act's lack of retroactivity would preclude relief.

### III. Conclusion

Because Defendant has not received a Certificate of Appeal with respect to his Petition to Reopen (#1294), this Court may not properly consider Defendant's Petition.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant's motion (#1302) for reconsideration is DENIED.

DATED: April 7th, 2011.

_____
UNITED STATES DISTRICT JUDGE

3