UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 3:94-CR-00044-LRH-WGC |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | ORDER |
| ROBERT EARL JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant Robert Earl Jackson's ("Jackson") Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2), Amendment 782. Doc. #1360. On March 2, 2015, Jackson filed a Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A(a)(1) and (c) "for the purpose of determining whether the defendant may qualify to seek reduction of sentence." Doc. #1353. The Court granted this Motion on March 3, 2015. Doc. #1354. The Federal Public Defender decided not to file a motion for reduction of sentence, and on June 12, 2015, filed a Motion to Withdraw as Counsel (Doc. #1358), which the Court granted on July 21, 2015 (Doc. #1359). The present Motion for Reduction of Sentence was filed on August 28, 2015. Doc. #1360.

On September 24, 1996, the Court imposed a sentence of 360 months as to Count 1 and 120 months as to Count 2, to run concurrently to each other, based upon findings of a total offense level of 41, and a criminal history category of IV. Jackson argues that the Court should apply a two-level reduction of his base offense level—to an amended base offense level of 36 and total offense level of 39—pursuant to Amendment 750, and should apply another two-level reduction of his base

offense level—to an amended base offense level of 34 and total offense level of 37—pursuant to 18 U.S.C. § 3582(c)(2), Amendment 72. Jackson adds that such a reduction is also warranted because he has demonstrated a sustained commitment to rehabilitating himself, and he notes that he has had only two disciplinary issues during his incarceration. Additionally, Jackson states that said reduction would be in the interest of avoiding unwarranted sentencing disparities under § 3553(a)(6).

The United States Probation Office submitted a Reduction of Sentence Report on May 15, 2015. The report concludes defendant is ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), Amendment 782, and pursuant to U.S.S.G. § 1B1.10, effective November 1, 2014, as a review of his judicial record revealed that he was sentenced based upon an upheld finding that he was responsible for 14 kilograms of crack cocaine. Fourteen kilograms of crack cocaine led to an offense level of 38 and a total offense level of 41, based upon his aggravating role and a sentencing range of 360 months to Life when Jackson was originally sentenced in September 1996. Although fourteen kilograms of crack cocaine now equates to a base offense level of 36, pursuant to U.S.S.G. § 2D1.1(a)(5) and § (c)(2) after the subsequent amendments, Jackson's total offense level under the applicable sentencing guideline would now be 39, but his sentencing range remains unchanged at 360 months to Life. The amendment of Jackson's sentence pursuant to Amendments 750 and 782 does not reduce the applicable sentencing range. Good cause appearing, the Court denies Jackson's motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Amendment 782.

IT IS THEREFORE ORDERED that Jackson's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Amendment 782 (Doc. #1360) is DENIED.

IT IS SO ORDERED.

DATED this 6th day of January, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE